MYERS, P.J.,
for the Court.
¶ 1. On January 27, 2004, J.D. (Bubba) Williams was found guilty of aggravated assault by the Circuit Court of Claiborne *1247 County. On February 2, 2004, the court sentenced Williams to fifteen years, with five years suspended for post-release supervision, in the custody of the Mississippi Department of Corrections.
¶ 2. On February 25, 2004, the circuit court denied Williams’s motions for judgment notwithstanding the verdict and for new trial. Aggrieved by the circuit court’s judgment, Williams files this appeal raising the following one issue:
WHETHER OR NOT THE EVIDENCE PRESENTED AGAINST WILLIAMS WAS SUFFICIENT TO SUPPORT A VERDICT OF GUILTY OF AGGRAVATED ASSAULT.
¶ 3. Finding no reversible error, we affirm the judgment of the circuit court.
FACTS
¶ 4. On March 2, 2003, a blue/green car pulled up at the intersection of Church Street and Chinqueipin Street in Port Gibson, Mississippi, along side a white truck occupied by Oliver Hunt. The occupant of the car shot at Hunt in the white truck as many as six times. Eugene Carney, ’ a local pastor, was leaving his church when he saw the shooting. Carney went to the aide of Hunt, who was conscious at the time but had been shot in the face. Fearing Hunt’s impending death, Carney asked him who shot him.' Hunt told Carney that he had been shot by “Bubba,” indicating Williams. Hunt identified Williams at the trial as the man that shot him.
¶ 5. During the trial along with the testimony of Hunt and Carney, the State elicited testimony from three college students who witnessed the shooting. Two of the students testified that the shots came from a blue/green car. The other student recalled part of a license plate number which matched the license plate on Williams’s green car.
LEGAL ANALYSIS
WHETHER OR NOT THE EVIDENCE PRESENTED AGAINST WILLIAMS WAS SUFFICIENT TO SUPPORT A VERDICT OF GUILTY OF AGGRAVATED ASSAULT.
¶ 6. Williams claims that the evidence presented by the State was insufficient to support the verdict of guilty of aggravated assault. Williams goes further to claim that except for the testimony of Hunt, the State failed to present any evidence' that Williams occupied the vehicle from which the shots were fired. The State asserts that Hunt’s testimony and the testimony from the corroborating witnesses was more than sufficient to sustain the jury’s verdict of guilty.
■ STANDARD OF REVIEW
¶ 7. The standard of review for deciding whether or not a jury verdict is against the overwhelming weight of the evidence is that this Court must accept the evidence which supports the verdict as the truth and will reverse only if convinced that the circuit court abused its discretion in not granting a new. trial. Price v. State, 898 So.2d 641, 652 (¶ 26) (Miss.2005). A new trial will not be ordered unless we are convinced that the verdict is so contrary to the Overwhelming weight of the evidence that to allow the verdict to stand, would be to sanction an unconscionable injustice. Pearson v. State, 428 So.2d 1361, 1364 (Miss.1983). This high standard is necessary because any factual disputes are properly resolved by the jury not by an appeals court. McNeal v. State, 617 So.2d 999, 1009 (Miss.1993).
*1248 ¶ 8. Williams asserts that Hunt was not a credible witness, and that the jury should not have believed his testimony. Williams goes on to claim that the State’s witnesses only created mere suspicion which did not support his conviction. This is a factual dispute as to what the jury should believe, which is decided by the jury. Id. Mississippi has a long standing policy of trusting the jury’s verdict. Waterman v. State, 822 So.2d 1080, 1033 (¶ 11) (Miss.Ct.App.2002). Jurors decide the credibility of the evidence and the witness’s testimony; the court has no say with regard to this matter. Id. The testimony of one uncorroborated witness is sufficient to sustain a guilty verdict even if all other witness’s testimony is to the contrary. Williams v. State, 512 So.2d 666, 670 (Miss.1987). Therefore, once the jury has returned a guilty verdict, as in the present case, this Court is not at liberty to direct that the defendant be discharged, unless we conclude, after taking the evidence in the light most favorable to the verdict, that no reasonable juror could have found beyond a reasonable doubt that the defendant was guilty of this crime. Pearson v. State, 428 So.2d 1361, 1364 (Miss.1983). We therefore hold that the jury’s verdict was consistent with the evidence presented by the State in this action.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF CLAIBORNE COUNTY OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF FIFTEEN YEARS WITH FIVE YEARS SUSPENDED, TEN YEARS TO SERVE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FIVE YEARS OF POST-RELEASE SUPERVISION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, P.J., BRIDGES, IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.